# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>BJ Services, LLC, *et al.*[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-33627 (MI)<br><br>(Jointly Administered) |
| GACP FINANCE CO., LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>All American Brake and Spring LLC and John Does 1-10,<br><br>　　　　　　　Defendants. | Adv. Proc. No. 22-_____ |

## **COMPLAINT**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BJ Services, LLC (3543); BJ Management Services, L.P. (8396); BJ Services Holdings Canada, ULC (6181); and BJ Services Management Holdings Corporation (0481). The Debtors' service address is: 11211 Farm to Market 2920 Road, Tomball, Texas 77375.

For its Complaint against defendant All American Brake and Spring LLC ("Defendant"),[2] plaintiff GACP Finance Co., LLC, as Administrative Agent and Collateral Agent, respectfully states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff GACP Finance Co., LLC ("GACP") is a Delaware limited liability company and is the Administrative Agent under that certain Term Loan Credit and Guaranty Agreement, dated as of January 28, 2019, as amended from time to time, among BJ Services, LLC, as the Borrower, the Other Borrowers from Time to Time Party Thereto, the Guarantors from Time to Time Party Thereto (collectively, the "Debtors"), GACP, as Administrative Agent and Collateral Agent, and the Other Lender Parties Thereto (the "Equipment Term Loan").

2. On information and belief, Defendant is a Texas limited liability company with a principal place of business in Texas.

3. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, Article XV of the *Debtors' Combined Disclosure Statement and Joint First Amended Chapter 11 Plan* [D.I. 1084] and ¶ 164 of the *Order Confirming the Debtors' Combined Disclosure Statement and Joint First Amended Chapter 11 Plan* [D.I. 1093].

4. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

5. GACP confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final judgment by the Court.

---

[2] Defendant shall include John Does 1-10 comprising all equity holders, directors, managers, officers, employees, agents and representatives of All American Brake and Spring LLC through which All American Brake and Spring LLC is alleged in this Complaint to have acted. GACP shall amend this Complaint following discovery to name each such equity holder, director, manager, officer, employee, agent and representative of All American Brake and Spring LLC.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## PRELIMINARY STATEMENT

7. GACP holds a valid, continuing, enforceable, unavoidable, perfected first-priority security interest in and liens on all of the Debtors' machinery and equipment (including the proceeds thereof in whatever form received and now held, collectively, the "M&E" or "Collateral"). Title to the Debtors' M&E is now held by the BJ Services Wind-Down Trust (the "Wind-Down Trust"), subject to GACP's continuing, perfected and unavoidable liens. Confirmation Order (defined below), 35, at ¶95; Plan (defined below), Art. VI(F)(1). The Court granted GACP relief from the automatic stay to liquidate and sell its Collateral. Lift Stay Order (defined below), [D.I. 553].

8. Upon information and belief, Defendant remains in possession of GACP's Collateral, described on Schedule A annexed hereto and incorporated herein, and together with any other M&E in or under Defendant's possession, custody or control (the "Equipment").

9. GACP has demanded that Defendant return the Equipment to GACP, so that it may be liquidated by GACP pursuant to the terms of the Lift Stay Order, the Confirmation Order and the Plan. Defendant has unlawfully refused to turn over all of the Equipment to GACP in direct violation of the orders entered by the Court. Defendant's unlawful actions delay and hinder GACP's liquidation and sale efforts, as well as its ability to monitor and preserve its Collateral, reducing GACP's recovery on its secured claims and, ultimately, potentially for unsecured creditors.

10. Through this action, in addition to seeking to obtain possession of the Equipment, GACP seeks damages against Defendant with respect to such wrongful conduct, including, without limitation, all diminution in value caused by Defendant's conversion and unlawful possession of

3

GACP's Collateral, as well as attorneys' fees and costs incurred by GACP as a result of Defendant's unlawful acts. GACP also seeks full and complete access to its Collateral, wherever situated and under whoever's control, so that GACP may preserve its Collateral, as well as prepare such Collateral for sale and remove such Collateral before or following sale. GACP also requests permanent injunctive relief, including with respect to enforcement of the binding injunctions under the Plan and Confirmation Order, enjoining Defendant from possessing, using or otherwise exercising dominion or control over, or from excluding GACP and the Wind-Down Trust from or interfere with access to the Equipment or other M&E of the Wind-Down Trust, which M&E remains GACP's Collateral, and requiring Defendant immediately to provide access to all Equipment in its possession or under its custody or control to GACP in good condition.

## BACKGROUND

### I.     The Debtors' Bankruptcy Cases

11.     The Debtors commenced the above-captioned bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code on July 20, 2020 (the "Petition Date").

12.     GACP holds valid, continuing, enforceable, unavoidable, perfected, first-priority security interests in and liens on all of the Debtors' M&E.

13.     Defendant has not asserted a secured claim, lien or other claim of superior title of any kind in respect of the Collateral. To the extent Defendant filed a proof of claim in the Debtors' bankruptcy cases, such proof of claim asserted only general unsecured claims against the Debtors.

14.     On September 2, 2020, the Court entered the *Agreed Order with Respect to GACP Finance Co., LLC's Emergency Motion for Relief from the Automatic Stay* (the "Lift Stay Order") [D.I. 553]. The Lift Stay Order, *inter alia*, (i) lifted the automatic stay with respect to all

4

Collateral,[3] and (ii) authorized GACP to exercise all of its applicable non-bankruptcy law rights with respect to its Collateral, including without limitation to assemble, repossess, foreclose upon, market for private or public sale, and liquidate the Stay Relief Collateral.

15. On November 6, 2020, the Court entered the *Order Confirming the Debtors' Combined Disclosure Statement and Joint First Amended Chapter 11 Plan* (the "Confirmation Order") [D.I. 1093], which confirmed the *Debtors' Combined Disclosure Statement and Joint First Amended Chapter 11 Plan* (the "Plan"), a copy of which is attached to the Confirmation Order. The Confirmation Order and Plan both expressly provide that the Lift Stay Order remains in full effect and shall not be impacted by any provisions of the Confirmation Order and/or the Plan.

16. Among other things, the Plan created the Wind-Down Trust to take title to and possession of certain of the Debtors' assets. With respect to GACP's Collateral, however, the Confirmation Order expressly provides that "[t]he M&E shall vest in the Wind-Down Trust *encumbered by* the Equipment Term Loan Agent [GACP's] unavoidable Liens and *subject to* the Lift Stay Order." Confirmation Order, 35, at ¶95 (emphasis added). The Confirmation Order further provides that, "Equipment Term Loan Agent's Liens on the Equipment Term Loan Collateral shall continue unimpaired, remain perfected, enforceable, valid, and unavoidable without the need to take any action on the part of the Equipment Term Loan Agent to continue such Lien on the Equipment Term Loan Collateral on or following the Effective Date, which Liens shall be and remain and continue perfected pursuant to this Order." Id., 50, at ¶119.

17. GACP agreed, in good faith, to compromise and settle certain claims and controversies in exchange for the treatment of its secured claims provided for under the Plan, most

---

[3] For avoidance of doubt, the "Stay Relief Collateral," as defined in the Lift Stay Order, did not include that portion of GACP's Collateral already sold by the Debtors pursuant to sales approved by the Court (i.e., through sale orders entered at D.I. 452, 462 and 493) and the 300 truck tractors subject to the order approving the retention of Ritchie Bros. Auctioneers (America) Inc.

5

significantly its continuing first-priority liens and the right to repossess and liquidate its Collateral. In furtherance of this compromise and settlement, the Plan and Confirmation Order provide for certain injunctions, which apply to "all entities who have held, hold, or may hold Claims, Interests, Causes of Action, or liabilities," to ensure the consistent and final resolution of claims and controversies through these bankruptcy cases (the "Injunction"). Confirmation Order, 47 ¶ 115. In pertinent part, the Injunction prescribes the following:

(1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities;

(2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities;

(3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or Estates of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities;

(4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities unless such Entity has timely asserted such setoff right in a document Filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and

(5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, Causes of Action or liabilities discharged, released, exculpated, or settled pursuant to the Plan.

*Id.* Upon entry of the Confirmation Order, all parties are enjoined from taking any actions to interfere with the implementation or consummation of the Plan. *Id.*

## II.     Defendant's Wrongful Possession and Control over GACP's Collateral

18.     In accordance with the Lift Stay Order, the Plan and the Confirmation Order, GACP is authorized by the Court to exercise all of its rights with respect to its Collateral, including to *repossess* and liquidate such Collateral.

19.     In attempting to exercise its rights to repossess the Equipment, GACP demanded that Defendant return the Equipment to GACP so that it may be liquidated by GACP. Notwithstanding these demands, Defendant has unlawfully refused to turn over the Equipment to GACP in direct violation of the orders entered by the Court.

20.     In an effort to resolve the matter without litigation, GACP made one final demand, by letter dated February 11, 2022 (the "Demand Letter"), requesting that Defendant immediately comply with the Court orders and turn over the Equipment to GACP within fourteen (14) days of the date of the Demand Letter.  Defendant did not comply and, in fact, did not respond to the Demand Letter.  Defendant has wrongfully refused to surrender the Equipment to GACP, which is lawfully entitled to possession of the Equipment, remains in unlawful possession of the Equipment and continues to exercise dominion and control of the Equipment in contempt of the Court's orders.

## COUNT I
### (Permanent Injunctive Relief)

21.     GACP repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

22.     GACP seeks a permanent injunction enjoining Defendant from possessing, retaining custody of or exercising control or dominion over any of GACP's Collateral, including without limitation, the Equipment and using any of GACP's Collateral, requiring Defendant to grant GACP full and unfettered access to all locations where GACP's Collateral is located, and

requiring Defendant immediately to grant GACP access to all M&E in Defendant's possession, custody or control without further delay or interference. Further, in the event Defendant converted any of the Equipment, then GACP seeks an accounting of the proceeds of such Equipment in whatever form received and turnover of any such proceeds.

23. GACP meets all four elements for permanent injunctive relief. First, GACP is highly likely to succeed on the merits of its claims as evidenced by the plain language of the Lift Stay Order, the Plan and the Confirmation Order, which declares that GACP holds a lien on the Collateral and authorizes GACP to exercise all of its applicable non-bankruptcy law rights with respect to such Collateral, including without limitation to assemble, repossess, foreclose upon, market for private or public sale and liquidate its Collateral. Second, there is a substantial threat of irreparable injury if injunctive relief is not granted, as Defendant's continued noncompliance and intentional withholding of GACP's Collateral may result in the Collateral being moved, concealed, sold or other actions that will make it more difficult or impossible to recover the Collateral or erode the value of such Collateral, and further causes GACP delay and to incur additional expenses and costs, including professional fees, to liquidate and sell its Collateral pursuant to the Lift Stay Order, Plan and the Confirmation Order. Third, the balance of equities strongly favors GACP: permanently preventing Defendant from exercising control over M&E that it has no right to use, possess or control poses no undue burden on Defendant, whereas it preserves the only viable path for GACP to recover its claims through the liquidation of its Collateral. Fourth, the public interest favors injunctive relief, as it protects the integrity of these bankruptcy cases and the bankruptcy process generally, including specifically enforcing bankruptcy court orders and prohibiting Defendant from converting and exercising control over Collateral that the Court has expressly authorized GACP to possess and liquidate.

## COUNT II
### (Enforcement of Plan Injunction)

24. GACP repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

25. Defendant had notice of the Debtors' bankruptcy cases and the right and opportunity to assert a claim or otherwise participate in such cases, including with respect to confirmation of the Plan.

26. During these bankruptcy cases, GACP compromised and settled certain claims and controversies in exchange for, among other things, its right to repossess, foreclose on and liquidate its Collateral, including the Equipment, as well as the injunctive protections set forth in the Plan and Confirmation Order.

27. Under the Plan and the Confirmation Order, the Defendant is enjoined from enforcing its claims against property of the Debtors' estates, including the Collateral, and is further enjoined from interfering with implementation of the Plan, which includes the Court's authorization under the Plan for GACP to repossess and liquidate its Collateral, including the Equipment.

28. Defendant, without legal right, has refused to surrender and continues to possess and exercise dominion and control over the Equipment, and is thus interfering with the implementation of the Plan and in contempt of the Confirmation Order.

29. GACP requests that the Court enforce the Injunction, including enjoining the Defendant from continuing to possess or otherwise exercise control over any of GACP's Collateral, including the Equipment, and directing the Defendant to comply with the Plan and Confirmation Order by immediately turning over the Equipment or allowing GACP to repossess the Equipment without further interference, hindrance or delay.

## COUNT III
### (Replevin)

30. GACP repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

31. GACP's rights in its Collateral, including, without limitation, its continuing, valid, enforceable, unavoidable, perfected first-priority liens on the Collateral, including the Equipment, is superior to any rights of Defendant.

32. GACP is entitled, pursuant to the Lift Stay Order, the Plan and the Confirmation Order to immediate access to all of its Collateral that has been wrongfully detained by Defendant.

33. GACP will escrow the proceeds derived from the Equipment in Defendant's possession to the extent determined necessary by the Court and in an amount to be determined by the Court and shall hold such Equipment or the proceeds thereof until the Court determines its lawful ownership.

34. GACP is entitled to judgment granting GACP immediate access to and possession of all its Collateral.

## COUNT IV
### (Conversion)

35. GACP repeats, realleges, and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

36. Defendant was notified that the Equipment is the property of the Debtors' estates and then of the Wind-Down Trust, that GACP retained its first-priority liens on the Equipment and the proceeds thereof and that GACP has the right to, among other things, repossess, foreclose on and liquidate the Equipment.

37. Defendant, without legal right, has refused to surrender and continues to possess and exercise dominion and control over the Equipment in contempt of the Court's orders, and in defiance of GACP's lien on the Equipment and lawful right to repossess and liquidate the Equipment.

38. Defendant has intentionally interfered with and exercised unlawful dominion over GACP's Collateral to the exclusion of GACP by refusing to surrender the Equipment, possessing and exercising dominion and control over such Equipment, denying GACP access to such Equipment and to the location or locations where such Equipment is stored and preventing GACP from implementing the terms of the Lift Stay Order with respect to such Equipment.

39. GACP's Collateral comprises M&E, including M&E currently in the possession of third parties such as Defendant. The value of GACP's Collateral held by Third Parties, including the Equipment held by Defendant, considered in the aggregate, is material to GACP's recovery of its claims and ultimately, potentially for the recovery of unsecured creditors if GACP is unable to liquidate and sell the Equipment. Therefore, the Equipment is not of inconsequential value or benefit to the Wind-Down Trust and the Debtors' estates.

40. GACP has been damaged, including by the delay and the incurrence of attorneys' fees and costs and any diminution of value of the Equipment, as a result of Defendant's conversion of the Equipment. Further, punitive damages are warranted because Defendant intentionally, willfully, wantonly, recklessly and maliciously converted GACP's Collateral and deprived GACP of possession of such Equipment and the proceeds thereof.

41. In accordance with section 315 of Article 9 of the Uniform Commercial Code, if GACP is unable to repossess the Equipment or the Defendant continues to interfere with the

recovery of the Equipment, GACP seeks damages, including attorneys' fees and costs and punitive damages, for Defendant's conversion of GACP's Collateral.

## **PRAYER FOR RELIEF**

WHEREFORE, for the reasons set forth in this Complaint, GACP respectfully requests that the Court enter judgment granting the following relief:

1) for Count I of this Complaint, judgment permanently enjoining Defendant from possessing or exercising any control or dominion over any of GACP's Collateral, and requiring Defendant to immediately grant GACP access to all such Collateral in its possession, custody or control without further delay;

2) for Count II of this Complaint, judgment enforcing the Injunction, including enjoining the Defendant from continuing to possess or otherwise to exercise control over any of GACP's Collateral, including the Equipment and the proceeds thereof, and directing the Defendant to comply with the Plan and Confirmation Order by immediately turning over the Equipment or allowing GACP to repossess the Equipment without further interference, hindrance or delay;

3) for Count III of this Complaint, judgment granting GACP immediate access to all M&E that is GACP's Collateral, and that has been wrongfully retained or detained by Defendant;

4) for Count IV of this Complaint, judgment awarding GACP damages, including attorneys' fees and costs and punitive damages, on account of Defendant's intentional wrongful conversion of GACP's Collateral;

5) for costs of the suit incurred herein;

6) for reasonable attorneys' fees; and

7) for such other and further relief as this Court deems just and appropriate.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

EAST\189036482.2

|  |  |
|---|---|
| Dated: March 30, 2022 | Respectfully submitted,<br>**DLA PIPER LLP (US)**<br><br>/s/ *James P. Muenker*<br>James P. Muenker (#24002659)<br>Noah M. Schottenstein (#24100661)<br>1000 Louisiana Street, Suite 2800<br>Houston, Texas 77002<br>Telephone: (713) 425-8400<br>Facsimile: (713) 425-8401<br>Email: james.muenker@us.dlapiper.com<br>noah.schottenstein@us.dlapiper.com<br><br>and<br><br>Stuart M. Brown<br>Aaron S. Applebaum<br>1201 N. Market Street, Suite 2100<br>Wilmington, DE 19801<br>Telephone: (302) 468-5700<br>Facsimile: (302) 394-2341<br>Email: stuart.brown@us.dlapiper.com<br>aaron.applebaum@us.dlapiper.com<br><br>*Counsel to GACP Finance Co., LLC* |